## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAYLOR RANDOLPH,**

       **Plaintiff**

                                  **CASE NO.**

       **v.**

**BAY FOOD BROKERAGE, INC.,**
**a Florida Profit Corporation,**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TAYLOR RANDOLPH (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against BAY FOOD BROKERAGE, INC. (hereinafter referred as "BFB" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act ("FCRA"), interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. and the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid

Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. See 29 C.F.R. § 826.150. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.     This is an action at law that raises a federal question under federal law.

2.     The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.     The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.     Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.     Plaintiff was an employee of Defendant from approximately April 17, 2017 to April 20, 2020.

6.     Plaintiff was employed by Defendant in Tampa, Florida.

7.     Defendant is a Florida Profit Corporation which operates in Tampa,

Florida.

8.   Defendant employs more than fifty (50) employees.

9.   Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

10.  Plaintiff was an "employee" as defined by the FMLA.

11.  Defendant is an "employer" as defined by the FMLA.

12.  BFB is subject to the  FFCRA.

13.  As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

14.  As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## <u>STATUTORY PREREQUISITES</u>

15.  Plaintiff is an African American female individual who suffered discrimination and retaliation based on her race, gender and medical needs.

16.  Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

17.  Plaintiff was qualified for her position of employment as an Account Executive.

18.  The Defendant meets the statutory criteria for coverage as an

"employer" under Title VII and the FCRA.

19.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

20.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2020.

21.     The EEOC issued a Notice of Right to Sue on October 25, 2021.

22.     Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

23.     Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24.     Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## **FACTUAL ALLEGATIONS**

25.     Plaintiff began her employment with Defendant on or about April 17, 2017.

26.     She was employed as an Account Executive at the time of her termination on April 20, 2020.

27.      At all times material, Plaintiff performed well while working for Defendant.

28.     During her time with BFB, Plaintiff experienced the Company treating non-black and male employees more favorably.

4

29.     In approximately June 2019, BFB hired an account executive, Kristen Spiker, with no college degree.

30.     At the time, Plaintiff was interested in the same position.

31.     BFB did not even consider Plaintiff despite her being more qualified.

32.     After five failed months, Ms. Spiker left.

33.     Plaintiff, obviously qualified, took the job.

34.     Similarly, a few months later BFB hired a white male, Zack Boerger, right out of college.

35.     Mr. Boerger was paid more than Plaintiff despite him having less experience.

36.     Plaintiff asked for a meeting to discuss being paid equally as her white, male counter-part.

37.     Plaintiff was ultimately given the raise.

38.     However, BFB's owner, Cammie Chatterton, told Plaintiff that she would not receive any raise in the next year because they had just given it to her.

39.     In other words, Plaintiff was still not paid equally as her white, male counter-part.

40.     Mr. Boerger was also given better sales accounts to work on.

41.     In approximately October/November 2019, Plaintiff complained to management, Susan Jamieson, about discrimination.

42.     Due to the pattern of discrimination at BFB experienced by Plaintiff, she was questioned about another co-worker's complaints of discrimination in January 2020.

43.     Plaintiff explained to Ms. Jamieson that she, along with several other employees, felt there was discrimination in the workplace on the basis of race and gender.

44.     Ms. Jamieson called two other employees into her office for questioning.

45.     Both of these employees admitted to the claims.

46.     No further investigation was conducted by Defendant.

47.     On or about January 8, 2020, Plaintiff received a positive review for her work performance.

48.     In late March 2020, Plaintiff complained again to Ms. Jamieson about gender and race discrimination.

49.     Ms. Jamieson admitted there was gender discrimination taking place at BFB, but did nothing about the complaints.

50.     Ms. Jamieson further admitted to Plaintiff that she had seen examples of discrimination herself.

51.   On or about March 24, 2020, Plaintiff also requested to work remotely due to the Coronavirus.

52.   Plaintiff's son had suffered from symptoms typical of Coronavirus and Plaintiff informed her supervisors.

53.   Plaintiff request to work remotely was denied by BFB despite her son having Coronavirus symptoms.

54.   BFB's owner, Ms. Chatterton, told Plaintiff that she was "wasting their time" with her requests for workplace safety to HR.

55.   BFB did not take the virus seriously.

56.   BFB cracked jokes about sanitation, allowed employees to congregate, and allowed outside family and friends into the building.

57.   BFB told Plaintiff to take PTO or an unpaid leave of absence if she was concerned for her safety and health.

58.   On April 2, 2020, only days after complaining of race and gender discrimination, Plaintiff was given a final warning.

59.   Plaintiff then made multiple requests to HR and ownership to clarify the option to take an unpaid leave of absence due to Coronavirus concerns.

60.   BFB again ridiculed her for making the requests.

61.   On April 20, 2020, Plaintiff made a final request for a leave of absence.

62.     By the end of April 20, 2020, her work email was shut down

63.     Plaintiff received a termination letter citing job performance as the reason for her termination.

64.     The termination was approximately one month after her complaints about discrimination.

65.     The termination was also approximately one month after she raised concerns about Coronavirus.

66.     Defendant refused to accommodate Plaintiff.

67.     At the time of her termination, Plaintiff was qualified for her position.

68.     Additionally, at the time of her termination, Plaintiff was able to perform the essential functions of her job, with or without accommodation.

69.     At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties or on absenteeism.

70.     At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

71.     At the time of her termination, Plaintiff was eligible for FMLA leave.

72.     Plaintiff's notice for her need for FMLA leave was timely.

73.     Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of her rights under the FMLA.

74.   Defendant's actions constitute interference with Plaintiff's rights under FMLA.

75.   Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

76.   Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

77.   Defendant discriminated against Plaintiff for attempting to take necessary time off due to her medical concerns.

78.   Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

79.   Plaintiff was not rehired by Defendant.

## COUNT I
## INTERFERENCE UNDER THE FMLA

80.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-11, 13-14, 17, 25-27, and 53-79 above as if fully set forth herein.

81.   Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

82.   Defendant was Plaintiff's employer as defined by the FMLA.

83.   Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

84.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

85.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

86.    Defendant's violations of the FMLA were willful.

87.    Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

88.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-11, 13-14, 17, 25-27, and 53-79 above as if fully set forth herein.

89.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

90.     Defendant was Plaintiff's employer as defined by the FMLA.

91.     Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

92.     Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

93.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

94.     Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

95.     Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

96.     Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

97.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

98.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

99.    Defendant's violations of the FMLA were willful.

100.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT III
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

101.   Plaintiff realleges and adopts allegations contained in paragraphs 1-7, 15-27, 34,50, 58, 62-67, and 79 as though fully stated herein.

102.   Plaintiff is a member of a protected class because she is female.

103.   At all material times, Plaintiff was qualified to perform her job duties.

104.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

105.   Defendant did not subject the male employees to discriminatory treatment.

106.   Plaintiff suffered an adverse employment action when she was terminated.

107.   The discrimination to which Plaintiff was subjected was based on her gender.

108.   Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

109. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

13

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

111.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

112.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.     judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.     require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.     require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.     compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION TITLE VII

113.    Plaintiff realleges and adopts allegations contained in paragraphs 1-7, 15-50, 58, 62-67, and 79, as though fully stated herein.

114.    Plaintiff is a member of a protected class because she is African-american.

115.    At all material times, Plaintiff was qualified to perform her job duties.

116.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her race.

117.    Defendant did not subject the non-African-American employees to discriminatory treatment.

118.    Plaintiff suffered an adverse employment action when she was terminated.

119.   The discrimination to which Plaintiff was subjected was based on her race.

120.   Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

121.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

123.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

124.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.   judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT V
## GENDER DISCRIMINATION IN VIOLATION OF THE FCRA

125.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 15-27, 34,50, 58, 62-67, and 79 above as if fully set forth herein.

126.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

127.   Plaintiff is female and a member of a protected class.

128.   Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

129.   Plaintiff was subjected to the adverse employment action of being terminated.

130.   Plaintiff was treated less favorable than male, similarly situated employees.

131.   Defendant discriminated against Plaintiff because of her gender.

132.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her gender.

133.   The discrimination to which Plaintiff was subjected was based on her gender.

134.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

135.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

136.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

137.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

138.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT VI
## RACE DISCRIMINATION IN VIOLATION OF THE FCRA

139.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 15-50, 58, 62-67, and 79 above as if fully set forth herein.

140.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

141.    Plaintiff is African-American and a member of a protected class.

142.    Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

143.    Plaintiff was subjected to the adverse employment action of being terminated.

144.    Plaintiff was treated less favorable than non-African American, similarly situated employees.

145.    Defendant discriminated against Plaintiff because of her race.

146.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her race.

147.    The discrimination to which Plaintiff was subjected was based on her race.

148.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

149.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

150.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

151.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

152.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## <u>COUNT VII</u>
## <u>VIOLATION OF THE FFCRA/EPSLA</u>

153. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-7, 12, 17, 25-27, 47, 51-69, and 77-79 above as if fully set forth herein.

154. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

155. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

156. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

157. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

158. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA.

159. Yet, BFB blatantly disregarded its obligations under the EPSLA and did not allow Plaintiff to use her paid time off.

160. This is a direct violation of EPSLA's requirements.

161. An Employer who fails to provide its Employee Paid Sick Leave

under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

162.   BFB's violation of the EPSLA's requirements was willful.

163.   As a direct and proximate result of BFB's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c.   Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d.   Award punitive damages; and

e.   Award any other relief this Honorable Court deems just and proper.

## COUNT VIII
## RETALIATION UNDER THE FFCRA

164.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-7, 12, 17, 25-27, 47, 51-69, and 77-79 above as if fully set forth herein.

165.   The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

166.   Plaintiff requested qualifying sick leave due to COVID-19.

167.   Plaintiff's request for sick leave due to COVID-19 was protected activity.

168.   Despite the EPSLA's requirements, BFB unlawfully terminated Plaintiff after she requested leave as a result of her COVID-19 concerns.

169.   An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

170.   BFB violated Plaintiff's right under the EPSLA and FLSA.

171.   Plaintiff's termination was an adverse employment action.

172.   A causal connection exists between Plaintiff's protected activity

and adverse employment action.

173.   As a direct and proximate result of BFB's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c.   Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d.   Award punitive damages; and

e.   Award any other relief this Honorable Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __18th__ day of January, 2022.

s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff